UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
| JOSEPH JOHNSON, JR.,                     | ) |                              |
|                                          | ) |                              |
| Plaintiff,                               | ) |                              |
|                                          | ) |                              |
| v.                                       | ) | Civil Action No. 10-1171 (RMC) |
|                                          | ) |                              |
| ARNE DUNCAN, Secretary of the            | ) |                              |
| Department of Education, and ACS         | ) |                              |
| EDUCATION SOLUTIONS, LLC,                | ) |                              |
|                                          | ) |                              |
| Defendants.                              | ) |                              |

MEMORANDUM OPINION

Joseph Johnson, Jr. seeks the discharge of his federally guaranteed student loans. He filed this suit against Arne Duncan, Secretary of the Department of Education, and ACS Education Solutions, LLC, ("ACS") the loan service provider. Because Mr. Johnson already filed, and lost, a case raising these same issues, this case will be dismissed pursuant to the doctrines of *res judicata* and collateral estoppel. *See Johnson v. Dep't of Educ.*, 580 F. Supp. 2d 154 (D.D.C. 2008), *aff'd without op.*, No. 08-5468 (D.C. Cir. Apr. 10, 2009).

I. FACTS

The background facts were explained in Mr. Johnson's prior suit. Mr. Johnson was indicted for burglary and larceny on February 16, 1993. *Johnson*, 580 F. Supp. 2d at 155. He was given a suspended sentence on April 21, 1993. In the fall of that same year, he enrolled at the University of Maryland University College ("UMUC"). Over the course of the next few years, Mr. Johnson obtained federally guaranteed loans, including Federal Family Education Loans for Fall

1993, Spring 1994, Fall 1994, Spring 1995, and Spring 1996. The loan application form did not ask about Mr. Johnson's criminal history. During his time at UMUC, Mr. Johnson took several courses offered by UMUC's paralegal studies program. *Id*.

On April 29, 1996, Mr. Johnson withdrew from UMUC because he was incarcerated for forgery. In 2004, after he was released from prison, Mr. Johnson consolidated his loans under the William D. Ford Federal Direct Loan Program. Two years later Mr. Johnson demanded the discharge of his student loans, arguing that UMUC falsely certified his loan application because, as a convicted felon, he was unable to meet the requirements of the occupation for which he was trained.[1] *Id*. Mr. Johnson contended that his criminal record precluded any possibility of his admission to the bar and, because he could never be licensed to possess a firearm, his record precluded his employment in law enforcement. The Secretary rejected the loan discharge application.

Mr. Johnson repeatedly reapplied for discharge of the loans and made several appeals to the Secretary, each of which was rejected. *Id*. at 155-56. Subsequently, he brought suit in federal district court under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Higher Education Act, 20 U.S.C. § 1087, seeking to compel the Secretary and loan service provider to discharge the loans. *Johnson*, 580 F. Supp. 2d at 155. The district court held that the agency's action was not arbitrary and capricious, that the decision was supported by the record and consistent with the regulations because Mr. Johnson was not enrolled in a training program in which the school proposed to train the student for an occupation with specific requirements for employment. *Id*. at

---

[1] As noted by the court in Mr. Johnson's prior litigation, "this sounds like the plea of the boy who murdered his parents and then sought leniency because he was an orphan." *Johnson*, 580 F. Supp. 2d at 155 n.1.

158. The court explained:

> While enrolled, Johnson took several classes offered by UMUC's "Paralegal Studies" concentration. UMUC's 1998-1999 brochure describes this program as preparing students "for challenging and responsible work in the legal environment . . . [and] to apply their acquired knowledge and skills in a wide variety of legal settings," including "law firms, government agencies, legal services offices, corporations, professional and trade associations, publishing companies, and other public and private sector businesses." . . . Johnson may have intended to pursue a specialization in "Paralegal Studies," but he has not shown that the Secretary's determination that this program did not *specifically and exclusively* train students to be paralegals was arbitrary and capricious.

*Id*. at 157 (citations omitted) (emphasis added). Accordingly, on September 30, 2008, the court granted summary judgment in favor of defendants.

Mr. Johnson appealed. Mr. Johnson then filed a motion asking the Circuit to remand the case for consideration of material that had not been considered previously. The Circuit denied the appeal and the request for remand, affirming the district court's decision on April 10, 2009. *Johnson v. Dep't of Educ.*, Civ. No. 07-2183(JR) (D.D.C.), Mandate [Dkt. # 39]. On October 29, 2009, Mr. Johnson filed in the district court a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2). *See id.*, Mot. for Relief from J. [Dkt. # 41]. The district court denied the motion because it was made more than one year after the entry of the September 30, 2008 judgment. *Id.*, Order [Dkt. # 40]. Mr. Johnson filed a second motion to remand in the Circuit on November 9, 2009, making the same arguments that he made in his Rule 60(b) motion. On February 17, 2010, the Circuit denied the second motion to remand, noting that Mr. Johnson sought the very same relief that he had sought in his prior motion to remand. *Id.*, Order [Dkt. # 48].[2]

---

[2] The motion for relief from judgment filed in district court, the motion to remand filed in the Circuit, and the complaint filed in this suit are all based on emails from employees of UMUC,

Mr. Johnson filed this suit on July 9, 2010, seeking the same relief that he sought in his 2007 suit. He filed a First Amended Complaint on September 13, 2010, and then a Second Amended Complaint on September 22, 2010. The Second Amended Complaint consists of four Counts. Count I alleges that Defendants violated the Higher Education Act, 20 U.S.C. 1087(c), by failing to discharge Mr. Johnson's loans based on false certification disqualifying status as required by 20 U.S.C. § 2087(a). 2d Am. Compl. [Dkt. # 18] ¶¶ 36-41. Count II alleges that Defendants violated Mr. Johnson's right of due process under the Fifth Amendment. *Id*. ¶¶ 42-44. In a September 6, 2007 letter denying discharge of the loans, the Secretary indicated that "there are no records that indicate you were enrolled in a training program that specifically and exclusively prepared you for employment in law enforcement or as a paralegal, nor were you enrolled in law school." *Id*. ¶ 42. Mr. Johnson asserts that his right to due process was violated because he was not given the opportunity to submit records to prove his case. Count III alleges that Defendant's refusal to discharge the student loans was arbitrary, capricious and an abuse of discretion. *Id*. ¶¶ 45-47. This Count impliedly alleges a claim under the Administrative Procedure Act, 5 U.S.C. § 706.

---

whereby Mr. Johnson repeatedly attempted to solicit statements that conflicted with the Secretary and district court's conclusion that the paralegal studies certificate program did not "specifically and exclusively" train paralegals. The emails are: (1) a February 5, 2009, email from Tom Lock, an Advisor at UMUC, indicating that Mr. Johnson was enrolled at UMUC he had "declared a primary of paralegal studies"; (2) a February 5, 2009, email from Dr. William Sondervan, Professor of Criminal Justice at UMUC, indicating that the paralegal program trains students for a career as a paralegal and also teaches writing and computer usage; and (3) a February 4, 2009, printout of an online chat with Cheryl Heberlig, a UMUC customer service employee, agreeing with Mr. Johnson's assertion that the paralegal program "specifically and exclusively" trained students to be paralegals and referring Mr. Johnson to details about the program on the website. *See Johnson v. Dep't of Educ.*, Civ. No. 07-2183 [Dkt. ## 41-4, 41-5, 41-6]; 3d Am. Compl. [Dkt. # 36], Ex. B [Dkt. # 36-4], Ex. C [Dkt. # 36-5], Ex. E [Dkt. # 36-7]; *see also id*., Ex. F [Dkt. # 36-8] The emails in fact do not conflict with the Secretary and the district court's determination that Mr. Johnson was enrolled in a degree program, with an emphasis on paralegal studies and that the paralegal program taught other skills, including how to write and use computers.

Finally, Count IV alleges that Defendants violated §1087(a) of the Higher Education Act and the Fifth Amendment by imposing additional criteria for obtaining a false certification discharge, restrictions that are not set forth in 34 C.F.R. § 685.215(a)(1)(iii). *Id*. ¶¶ 48-55. The Second Amended Complaint also seeks a writ of mandamus against the Secretary pursuant to 28 U.S.C. § 1361. *See* 2d Am. Compl. ¶ 2 & Prayer for Relief.

Defendants move to dismiss, and Mr. Johnson opposes.

## II. ANALYSIS

### A. Motion to Dismiss Based on *Res Judicata*

Under the doctrine of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979); *Apotex Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). In short, the doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Comms. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting the Restatement (Second) of Judgments ch. 1 at 6 (1982)).

The D.C. Circuit has "embraced the Restatement (Second) of Judgments' pragmatic, transactional approach to determining what constitutes a cause of action" for *res judicata* purposes. *U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). "In addressing the

cause-of-action question, the Restatement speaks in terms of a transaction or series of transactions and gives 'weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting the Restatement (Second) of Judgments § 23(2) (1982)). The Restatement approach reflects the trend requiring a plaintiff to present in one suit all claims for relief that he may have arising out of the same transaction or occurrence. *Id.*

In sum, the four *res judicata* elements are: (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action. *See, e.g.*, *Am. Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 29 (D.D.C. 2001); *see also U.S. Indus.*, 765 F.2d at 205. That is, *res judicata* applies where there is an identity of the causes of action, *Am. Forest Res. Council*, 172 F. Supp. 2d at 29, *i.e.*, where the cases are based on the "same nucleus of facts." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984).

Under the related doctrine of collateral estoppel, or issue preclusion, an issue of fact or law that was actually litigated and necessarily decided is conclusive in a subsequent action between the same parties or their privies. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Yamaha Corp. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992). Like *res judicata*, collateral estoppel relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, prevents inconsistent decisions, and encourages reliance on adjudication. *Montana*, 440 U.S. at 153-54.

Mr. Johnson already sued the Secretary and ACS and already litigated the question of whether the Secretary properly denied his request for discharge of his student loans under the APA and the Higher Education Act. *See Johnson*, 580 F. Supp. 2d at 155-58. He had a full and fair

opportunity to litigate those claims; he also had the chance to bring additional claims in that suit, but he did not do so.³ Mr. Johnson is barred from bringing the claims set forth in the Second Amended Complaint under the doctrines of *res judicata* and collateral estoppel.⁴

Mr. Johnson also seeks a writ of mandamus against the Secretary pursuant to 28 U.S.C. § 1361, which provides that a federal district court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief may be granted only where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *In re Medicare Reim. Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (citing *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). "Even when the legal requirements for mandamus jurisdiction have been satisfied, however, a court may grant relief only when it finds 'compelling . . . equitable grounds.'" *Id.* (citing *13th Reg'l Corp. v. U.S. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980)). The party seeking mandamus has the burden of showing that his right to the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988).

Mr. Johnson has failed to show that he has any right to relief, let alone a clear and

---

³ Even if Mr. Johnson were permitted to bring a due process claim, the claim would fail. Due process requires an opportunity to be heard at a meaningful time and in a meaningful manner. *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). Mr. Johnson received due process. His request for a discharge of his student loans was heard and denied by the Secretary, the D.C. District Court, and the D.C. Circuit.

⁴ Mr. Johnson in fact does not seek any relief against ACS. The Second Amended Complaint refers to ACS as "responsible for considering Plaintiff's request for discharge of the loans in the first instance," 2d Am. Compl. ¶ 5, and seeks a declaratory judgment that Secretary and ACS are obligated to discharge the loans. *Id.*, Prayer for Relief. But ACS has no power or authority to discharge Mr. Johnson's federally guaranteed student loans or to cause the Secretary to do so.

indisputable right. The district court already found in favor of the Secretary, and the ruling was summarily affirmed on appeal.

### B. Motion to Amend Complaint

Mr. Johnson now seeks to file a Third Amended Complaint. While Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend his complaint once within 21 days after serving it, thereafter leave of court must be obtained.[5] Because Mr. Johnson has already amended his complaint twice, he seeks leave to amend a third time.

A court may deny a motion to amend if it finds "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002).

---

[5] Rule 15(a) provides:

> (1) A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)(, (e), or (F), whichever is earlier.
>
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Mr. Johnson's motion for leave to amend must be denied due to futility. The only new material allegation in the proposed Third Amended Complaint is that on April 14, 2009, Mr. Johnson requested that the Secretary reconsider its September 6, 2007, decision and that the Secretary "reopened" its earlier decision:

> By agency decision dated December 11, 2009, the Secretary granted Plaintiff's request and reopened its earlier decision of September 6, 2007, and, advised the Plaintiff's attorney that if the Plaintiff had additional documentation that he believe[d] supported his request for a discharge of the loan and that he did not provide at the time the agency denied his request on September 6 2007, that the Plaintiff should submit the documentation. See Exhibit G.

Mot. for Leave to Amend [Dkt. # 36], Proposed 3d Am. Compl. [Dkt. # 36-2] ¶ 31. Contrary to this allegation, Exhibit G does not indicate that the Secretary "reopened" the September 2007 decision. Exhibit G is a letter dated December 11, 2009, from the Department of Education to counsel for Mr. Johnson, stating:

> Thank you for your inquiry about federal student aid. You explain that you represent Mr. Joseph Johnson . . . and that he requests cancellation of his William D. Ford Federal Direct Loan (Direct Loan) account under the false certification provision. You enclose a Sept. 6, 2007, letter from the U.S. Department of Education explaining specifically why Mr. Johnson's cancellation request was previously denied. If Mr. Johnson has additional information . . . he should submit it directly to the Direct Loan Servicing Center.

Mot. for Leave to Amend, Ex. G [Dkt. # 36-9]. Moreover, Mr. Johnson does not allege that the Secretary actually rendered any decision other than the September 2007 decision. The Third Amended Complaint, like the Second Amended Complaint, challenges the Secretary's September 2007 decision. Because that claim is barred by *res judicata* and collateral estoppel, the motion to file the Third Amended Complaint will be denied as futile.

## III. CONCLUSION

As explained above, the motion to dismiss filed by the Secretary [Dkt. # 19] and the motion to dismiss filed by ACS [Dkt. # 21] will be granted. Mr. Johnson's motion for summary judgment [Dkt. # 23] will be denied. Further, Mr. Johnson's motion for leave to file a Third Amended Complaint [Dkt. # 36] will be denied. All other pending motions will be denied as moot.


Date: October 29, 2010                                     /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge